UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GUICHO CORPORATION, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 13-CV-380-JED-TLW |
| ) | |
| SETH D. HARRIS,[1] , Acting Secretary, ) | |
| United States Department of Labor ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The Court has for its consideration plaintiffs' Verified Motion for Temporary Restraining Order or, in the Alternative, a Preliminary Injunction (the "verified motion") (Doc. 5) and Motion for Expedited Hearing (Doc. 6) as to the request for temporary restraining order and preliminary injunction. On July 9, 2013, the Court entered an Order (Doc. 8) which noted that the plaintiffs did not seek to proceed without notice and that no facts had been presented which demonstrated an emergency need for injunctive relief. Accordingly, the Court stated that their request would be construed solely as a request for preliminary injunction. On July 22, 2013, the Court held a hearing on plaintiff's verified motion. At the hearing, testimony was received from two witnesses, Glenda Smith, a district director for the Department of Labor, and Griselda Hernandez, a former owner of the two of the plaintiff companies.

## Background

Plaintiffs, Guicho Corporation, Jaya, Inc., and Gris, Inc. (collectively, "plaintiffs"), filed this action seeking declaratory and injunctive relief pursuant to 22 U.S.C. § 2201. In their complaint, plaintiffs request a declaratory judgment finding that they do not constitute an

---

[1] Plaintiffs named Hilda Solis in the Complaint; however, Ms. Solis resigned as Secretary in January 2013. Pursuant to Federal Rule of Civil Procedure 25(d), Seth D. Harris, Acting Secretary of Labor, is automatically substituted as the party in interest for the former Secretary of Labor, Hilda L. Solis.

"enterprise" under the Fair Labor Standards Act, 29 U.S.C. § 203(r) – apparently for purposes of claiming an exemption from the Act. At issue here is plaintiffs' second request for relief, which constitutes a request that this Court enjoin the defendant, Hilda L. Solis, Secretary of Labor, for the United States Department of Labor ("DOL" or "defendant"), from issuing a press release related to the DOL's potentially forthcoming litigation against plaintiffs.

Plaintiffs state in their complaint and verified motion that the DOL is preparing to file claims against them under the FLSA based upon the DOL's determination that the plaintiffs' businesses constitute an "enterprise" under the FLSA and that plaintiffs have been violating the FLSA's provisions in conducting their businesses. Plaintiffs also allege that it is the regular practice of the DOL to issue press releases upon filing suit. Plaintiffs' verified motion seeks a preliminary injunction on the basis that this press release – or "extrajudicial statement" to use plaintiffs' parlance – will cause irreparable harm because it will taint the jury pool that may ultimately hear the merits of DOL's claims against plaintiffs.

During the July 22 hearing and in their reply brief (Doc. 19), plaintiffs sought to "amend" the contours of their injunction request. Specifically, plaintiffs now seek only to "limit the contents of the press release to consist of only the information contained in the public record" rather than preventing the DOL from issuing any press release. (Doc. 19, at 1). Plaintiffs' position remains the same as to the purported harm which they seek to prevent – tainting of the jury pool.

## **Standards**

To obtain a preliminary injunction, the party seeking the injunction must establish each of the following: 1) a substantial likelihood of prevailing on the merits; 2) irreparable harm unless the injunction is issued; 3) the threatened injury outweighs the harm that the preliminary

2

injunction may cause the opposing party; and 4) the injunction, if issued, will not adversely affect the public interest. *Fed. Lands Legal Consortium v. United States*, 195 F.3d 1190, 1194 (10th Cir. 1999). A preliminary injunction is an extraordinary remedy, therefore the right to relief must be "clear and unequivocal." *Schrier v. University of Colorado*, 427 F.3d 1253, 1258 (10th Cir. 2005) (citing *SCFC ILC, Inc. v. VISA USA, Inc*., 936 F.2d 1096, 1098 (10th Cir. 1991)).

## Analysis

The Court having considered the parties' briefing, the testimony and argument from the July 22 hearing, and applicable law, finds that a preliminary injunction will not be issued in this case. Plaintiffs' request for a preliminary injunction fails for a host of reasons, most notably as to the first and second elements, likelihood of success on the merits and irreparable harm. Hence, the Court will limit its analysis to those elements.

The foundation of plaintiffs' request for injunctive relief is that any press release which may be issued by the DOL might violate Oklahoma Rule of Professional Conduct 3.6(a), which states as follows:

> A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that a reasonable lawyer would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have an imminent and materially prejudicial effect on the fact-finding process in an adjudicatory proceeding relating to the matter and involving lay fact-finders or the possibility of incarceration.

Plaintiffs have failed to make any showing that the theoretical press release at issue would violate Rule 3.6  More specifically, plaintiffs have not shown that the press release would have an "imminent and materially prejudicial effect" on the eventual trial of the matter. Plaintiff likewise failed to demonstrate that such a press release would constitute a statement made by

"[a] lawyer" – an obvious threshold issue for the Rules of Professional Conduct to be implicated. While it is speculative that a press release will be issued at all, it is even more speculative to assume that the contents of the press release will be materially prejudicial. The exemplar press release offered by plaintiffs (Doc. 5, Exh. 1) does not amount to the type of extrajudicial statement which the Court deems materially prejudicial. As the DOL points out, this conclusion is reinforced by the fact that the exemplar press release offered by plaintiffs was not found to have violated Rule 3.6 – as the defendant had asserted – in the case in which it was issued. (*See Solis v. El Tequila*, LLC, 12-CV-00588-JED-PJC, Doc. 19). Accordingly, plaintiffs have made no showing of likelihood of success on the merits.

Plaintiffs' primary allegation of irreparable harm is that the jury pool will inevitably be tainted should a trial eventually occur in an action not yet filed by the DOL.[2] Not only is this alleged harm highly speculative, it is also readily curable were a trial to occur. The Court finds it highly doubtful that potential jurors will be "tainted" by having read a press release issued by DOL which is comparable to the release issued in *Solis*. The litigation process can take many months or even years before a plaintiff's claims ever reach a jury and the memory of a press release read so long ago is unlikely to have any effect on a juror's ability to remain neutral. In addition, any prior prejudices that the jurors may have which stem from the press release can be ferreted out during the voir dire process. Plaintiffs' allegation of jury prejudice simply does not constitute irreparable harm. Having failed to demonstrate that irreparable harm will occur in the absence of a preliminary injunction, plaintiffs' request fails as to the second element.

---

[2] Ms. Hernandez briefly testified that the plaintiffs' businesses would be harmed should a press release be issued. This assertion was in no sense supported by concrete facts. Likewise, this allegation of harm was not made in plaintiffs' verified motion. In any event, this vague allegation of harm is virtually indistinguishable from the inherent "harm" litigants experience simply by being sued.

**IT IS THEREFORE ORDERED** that plaintiffs' Verified Motion for Temporary Restraining Order or, in the Alternative, a Preliminary Injunction (Docs. 5 and 7) is **denied**.

The defendant is directed to file its answer or other responsive pleading within 21 days of the date of this Opinion and Order.

**SO ORDERED** this 20th day of August, 2013.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE